<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 12a0865n.06

No. 11-6278

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Aug 08, 2012*

LEONARD GREEN, Clerk

EILEEN BURDEN,

     **Plaintiff,**

v.

SCOTT PAUL,

     **Defendant.**

**ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY**

_____/

**BEFORE:**    **GUY and CLAY, Circuit Judges; HOOD, District Judge.**[*]

     **CLAY, Circuit Judge.** Plaintiff Eileen Burden appeals the district court's grant of summary judgment in favor of Defendant Scott Paul, a police officer employed by the city of Independence, Kentucky. Plaintiff argues that the district court incorrectly concluded that she failed to make out her § 1983 and state law claims. Because Defendant is entitled to qualified immunity on Plaintiff's unlawful arrest claim and Plaintiff fails to make out her remaining claims, we **AFFIRM** the district court's judgment.

**FACTUAL BACKGROUND**

     The facts of this case are undisputed. On July 5, 2008, Plaintiff and her daughter, Lacy, attended a Fourth of July celebration at Willie's Sport's Cafe ("Willie's") in Independence,

_____

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

Kentucky. That evening, the Willie's staff required individuals of legal drinking age to wear wristbands in order to prevent alcoholic drinks from being served to underage persons. Willie's also served alcoholic beverages in visually distinctive cups. When Willie's manager Annette Thompson was stocking supplies in the ladies' restroom, she saw Lacy emerge from a bathroom stall holding two cups of the sort Willie's used to serve alcoholic beverages. Lacy was not wearing a wristband. Plaintiff then emerged from another stall. Lacy handed Plaintiff one of the cups. As they left the restroom, Plaintiff offered Lacy a drink from her cup and Lacy took a sip. Thompson notified her supervisor, Johnna Jansen, about Lacy's drinking. Jansen then observed Lacy near the bar. Jansen thought Lacy was staggering when she walked and smelled of alcohol. Jansen called the police and asked to have Lacy escorted out of the bar.

Defendant Scott Paul and two other Independence police officers arrived at Willie's and were taken to Lacy. When one of the officers attempted to escort Lacy out of the bar, she resisted and a physical altercation ensued. The officers were able to move Lacy out to the bar's parking lot, where they forced her against a wall and then to the ground. Meanwhile, a Willie's bartender told Plaintiff that Lacy had been escorted outside, and Plaintiff left the bar in search of her daughter. According to Plaintiff's deposition testimony, she first saw Lacy against the wall of the building, but Lacy had been moved to the ground by the time Plaintiff reached her. When Plaintiff asked the officers to explain why Lacy was seized, they ignored her; they also refused to allow her to speak with Lacy. Lacy was eventually taken to the local jail, and, in March 2009, she pleaded guilty to alcohol intoxication.

After Lacy was taken to jail, Defendant entered Willie's to thank the bar managers for cooperating. Inside the bar, Defendant saw Plaintiff, whom he knew because his daughter was Lacy's classmate. Thompson told Defendant about the incident in the restroom.

Three days later, Defendant filed a report with the county attorney describing the events of July 5, 2008 and suggesting that a criminal summons should be issued against Plaintiff "if [her conduct] fits the statute." The report stated that Plaintiff would be charged with violating Kentucky Revised Statute § 530.070. Section 530.070 prohibits a person from serving alcohol to a minor person, but that prohibition "does not apply to a parent or guardian of the minor." K.R.S. § 530.070(1)(a). The prosecutor prepared a criminal complaint and Defendant signed the accompanying affidavit. The complaint and affidavit were filed on August 8, 2008.

Plaintiff was not arrested but appeared in Kenton County District Court to face the charges. She moved to dismiss the charge, citing the provision of K.R.S. § 530.070 exempting a minor's parent from liability. The prosecutor then amended the complaint to charge Plaintiff under K.R.S. § 244.085(3), which prohibits a person from aiding someone under the age of 21 with the purchase or service of an alcoholic beverage.[1] On February 23, 2009, a bench trial was held on the charge. Plaintiff moved for a directed verdict at the conclusion of the government's case, which the judge granted.

---

[1]"A person under 21 years of age shall not possess for his or her own use or purchase or attempt to purchase or have another purchase for him or her any alcoholic beverages. No person shall aid or assist any person under 21 years of age in purchasing or having delivered or served to him or her any alcoholic beverages." K.R.S. § 244.085(3).

Plaintiff then filed this suit. She asserted claims under 42 U.S.C. § 1983 for unlawful arrest and malicious prosecution. She also asserted state law claims for abuse of process and malicious prosecution. The district court concluded that Defendant was entitled to qualified immunity on Plaintiff's unlawful arrest claim. The court also concluded that Plaintiff failed to make out a *prima facie* case on her other claims. Plaintiff timely appealed.

## DISCUSSION

### I.      Standard of Review

A defendant's entitlement to qualified immunity is a legal question reviewed *de novo*, as is the question of whether summary judgment is appropriate. *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010). A moving party is entitled to summary judgment if the pleadings, the discovery and the disclosure materials on file, and any affidavits "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There exists no genuine issue of fact where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The primary issue for our review is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

### II.      Unlawful Arrest

#### A.      Legal Framework

In order to make out a claim under 42 U.S.C. § 1983, a plaintiff must establish (1) the violation of an existing constitutional right (2) by a person acting under color of state law. *Flagg*

*Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Waters v. City of Morristown*, 242 F.3d 353, 358–59 (6th Cir. 2001).

The Fourth Amendment protects the right of individuals to be free from improper arrest and detention. *See* U.S. Const. amend. IV; *Miller v. Sanilac Cnty.*, 606 F.3d 240, 250 (6th Cir.2010). An officer may reasonably arrest a suspect without first obtaining a warrant "where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). An arrest can be valid even if the suspect did not commit a crime. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). An arrest is invalid only if the plaintiff proves that the officer could not have reasonably believed that the arrest was lawful in light of the information known to the officer at the time of the arrest. *Green v. Throckmorton*, 681 F.3d 853, 865 (6th Cir. 2012); *see Logsdon v. Hains*, 492 F.3d 334, 341 (6th Cir. 2007).

Probable cause to arrest a suspect exists "if the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense." *Arnold v. Wilder*, 657 F.3d 353, 363 (6th Cir. 2011) (internal quotations and citations omitted). "[T]he facts known to the arresting officer at the time of the arrest" form the basis of the asserted probable cause. *Devenpeck*, 543 U.S. at 152. The officer's conclusion that probable cause exists must be supported by "reasonably trustworthy information." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). The officer must consider both exculpatory and inculpatory information in deciding whether probable cause exists. *Logsdon*, 492 F.3d at 341. However, "after the officer determines, on the basis of the facts and circumstances known to him, that probable cause exists," he is not required to search for exculpatory evidence. *Id.*

5

A government official is entitled to qualified immunity on a § 1983 claim if he is "performing discretionary functions" and his conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity ensures governmental officials' protection "from undue interference with their duties and from potentially disabling threats of liability." *Id.* at 806. When an officer raises the defense of qualified immunity, the plaintiff bears the burden of establishing that the officer is not entitled to the defense. *Binay*, 601 F.3d at 647.

We decide whether a government official is entitled to qualified immunity in two-step inquiry. *Pearson v. Callahan*, 555 U.S. 223 (2009). First, we decide whether the facts, viewed in the light most favorable to the purportedly injured party, "show the officer's conduct violated a constitutional right." *Scott v. Harris*, 550 U.S. 372, 377 (2007) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If we conclude that the officer's conduct violated a constitutional right, we consider "whether the right was clearly established . . . in light of the specific context of the case." *Id.* (quoting *Saucier*, 533 U.S. at 201).

## B.    Analysis

According to Plaintiff, Defendant violated her clearly established constitutional right to be free from unlawful arrest by filing the report suggesting that the prosecutor should charge her with violating K.R.S. § 530.070. Plaintiff contends that it was unreasonable for Defendant to charge her under a criminal statute from which she was clearly exempt. Since Plaintiff was exempt from liability under § 530.070, she argues that Defendant lacked probable cause to file the report.

6

Plaintiff's argument ignores the fact that Defendant had probable cause to arrest her on a related offense. An officer is entitled to qualified immunity when probable cause supports the suspect's arrest on some offense, even if it is not the offense of arrest. *See Avery v. King*, 110 F.3d 12, 15 (6th Cir. 1997). In *Avery*, for example, a federal agent executing a search warrant on a farm encountered the farm's co-owner. *Id.* at 13. When the co-owner interfered with the agent's execution of the warrant, the agent arrested the co-owner for violating 18 U.S.C. § 111. *Id.*; *see* 18 U.S.C. § 111 (prohibiting the violent resistance or opposition to a federal agent executing his duties). The officer lacked probable cause to arrest the co-owner for violating § 111, but her non-violent interference supplied probable cause to arrest her on the lesser-included offense of 18 U.S.C. § 1501. *Id.* at 14; *see* 18 U.S.C. § 1501 (prohibiting the willful obstruction of a federal agent executing his duties). We concluded that the officer was entitled to qualified immunity because he had probable cause to believe the co-owner violated § 1501. *Id.*

The same result obtains in this case. Plaintiff does not argue that Defendant lacked probable cause to suspect her of violating § 244.085(3); any such argument would surely fail. Section 244.085(3) prohibits any person from "aid[ing] or assist[ing] any person under 21 years of age in purchasing or having delivered to him or her any alcoholic beverage." K.R.S. § 244.085(3). Section 244.085(3) contains no exemption for parents. Lacy was indisputably under the age of 21 on July 5, 2008. Defendant and two other officers found Lacy intoxicated and she eventually pleaded guilty to such a charge. Thompson told Defendant that she saw Plaintiff serve Lacy alcohol. These facts undoubtedly supported Defendant's conclusion formed on the evening of July 5 that Plaintiff "had committed or was committing [the] offense" of aiding Lacy in consuming an alcoholic beverage,

7

even if Plaintiff was eventually exonerated. *Arnold*, 657 F.3d at 363. Because Defendant had probable cause to believe Plaintiff violated an offense related to the one he believed she committed, Defendant is entitled to qualified immunity. *See Avery*, 110 F.3d at 15.

Plaintiff resists the application of *Avery* to this case by reading it narrowly to hold that an officer is immune only if the offense for which probable cause exists is a "lesser-included offense" of the offense for which the suspect is arrested. *Id.* This reading of *Avery* is incorrect. Rather, consistent with cases from other circuits, *Avery* stands for the rule that an officer is entitled to qualified immunity where the conduct that erroneously leads the officer to believe probable cause existed for the charge of arrest did, in fact, supply probable cause for an arrest on another offense. *See id.*; *see also Gassner v. Garland*, 864 F.2d 394, 398 (5th Cir. 1989). As we explained, Defendant is entitled to qualified immunity because he had probable cause to recommend charging Plaintiff under § 244.085(3).

Plaintiff alternatively argues that Defendant violated her constitutional rights by failing to further investigate Plaintiff's conduct before charging her, but the fact that probable cause existed to charge Plaintiff on a related offense defeats this argument. Plaintiff is correct in pointing out that "in assessing probable cause to effect an arrest, [an officer] may not ignore information known to him which proves that the suspect is protected by an affirmative legal justification for his suspected criminal actions." *Painter v. Robertson*, 185 F.3d 557, 571 (6th Cir. 1999). Plaintiff contends that Defendant would have discovered that she was exempt from liability under § 530.070 if he had undertaken further investigation. Whatever force this argument could provide for the conclusion that Defendant violated Plaintiff's Fourth Amendment rights is nullified by the fact that Defendant had

probable cause to charge Plaintiff with violating § 244.085(3). While an officer "cannot simply turn a blind eye toward potentially exculpatory evidence," he need not investigate further when the facts and circumstances known to him supply probable cause to charge a suspect with another offense. *Logsdon*, 492 F.3d at 341 (quoting *Ahlers v. Schebil*, 188 F.3d 365, 372 (6th Cir. 1999)). Defendant had probable cause to believe Plaintiff violated § 244.085(3), so he was not required to search for information suggesting that she was not responsible for providing Lacy with an alcoholic beverage. At any rate, Plaintiff fails to identify any exonerating information Defendant would have come across if he had investigated further.

Finally, Plaintiff contends that Defendant knew she was not liable under § 530.070 and that he nevertheless purposely charged her under that statute. The only relevant evidence of record supports the contrary conclusion. In his report, Defendant suggested charging Plaintiff under § 530.070 "if [her conduct] fits the statute." While it turned out that Plaintiff's conduct did not make her liable under § 530.070, the conditional sense of Defendant's recommendation leads to the conclusion that he was not intent on charging her with violating § 530.070 regardless of whether her conduct supported such a charge. Furthermore, Defendant's subjective motivation has no bearing on whether he had probable cause to believe Plaintiff committed a crime. *See Hoover v. Walsh*, 682 F.3d 481, 500 n.52 (6th Cir. 2012) (explaining that the test for probable cause is an objective one). Therefore, Defendant did not violate a clearly established constitutional right belonging to Plaintiff when he recommended that she should be charged with violating § 530.070.

9

### III. Malicious Prosecution

An individual may be liable under § 1983 for malicious prosecution if he wrongfully institutes legal process against another individual. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). In order to make out a malicious prosecution claim, a plaintiff must demonstrate that (1) the defendant participated in the decision to prosecute the plaintiff, (2) probable cause did not support the institution of legal process, (3) the plaintiff suffered a Fourth Amendment deprivation of liberty in addition to the initial seizure as a result of the institution of proceedings, and (4) the legal proceedings resulted in the plaintiff's favor. *Id.* at 308–09. Ironically, a plaintiff need not show that the person who instituted proceedings acted maliciously to make out a § 1983 malicious prosecution claim. *Id.* at 309–10.

Plaintiff fails to satisfy at least two of the elements of a § 1983 malicious prosecution claim. As we explained, probable cause supported the institution of proceedings against Plaintiff. Additionally, Defendant did not participate in the institution of criminal proceedings against Plaintiff. As we explained in *Sykes*, "an officer will not be deemed to have commenced a criminal proceeding against a person when the claim is predicated on the mere fact that the officer turned over to the prosecution the officer's truthful materials." *Id.* at 314. Defendant did no more than that: he filed his report with the prosecutor providing the facts of Plaintiff's purportedly unlawful behavior—comprised of the facts that Lacy was found intoxicated and that Thompson reported

10

seeing Plaintiff give Lacy an alcoholic drink—and suggested a charging statute. The prosecutor made the ultimate decision to pursue charges.[2]

The failure of Platiniff's federal claim of malicious prosecution defeats her analogous state law claim. In Kentucky, a plaintiff alleging malicious prosecution must prove "(1) the institution of judicial proceedings, (2) by or at the insistence of the Defendant, (3) the resulting termination of such proceedings in the claimant's favor, (4) malice in the institution of such proceedings, (5) want or lack of probable cause in such proceedings, and (6) injury or damages suffered by the plaintiff as a result thereof." *Williams v. Cline*, — S.W.3d —, 2012 WL 1365964, at *4 (Ky. Ct. App. Apr. 20, 2012). Defendant had probable cause to believe Plaintiff violated K.R.S. § 244.085(3), a fact that defeats her claim. Additionally, Plaintiff fails to create a genuine issue of material fact as to whether Defendant acted with malice in suggesting that the prosecutor should file charges against her. Plaintiff's sole argument to this effect is her claim that Defendant lacked probable cause to believe that she committed a crime, which, if true, would support an inference of malice under Kentucky law. *See Massey v. McKinley*, 690 S.W.2d 131, 133 (Ky. Ct. App. 1985). Plaintiff correctly argues that Defendant's good faith would be a jury question if he lacked probable cause to urge the filing

---

[2]Plaintiff challenges the truthfulness of Defendant's factual reporting to the prosecutor, arguing that Defendant improperly "did not even perform a breathalyzer test" on Lacy and "did not thoroughly question Thompson about what she had seen." Plaintiff's underlying argument seems to be that Defendant was required to further investigate Plaintiff's conduct on the night of July 5, 2008 and his failure to do so suggests that he offered a dishonest account of the evening to the prosecutor. This argument is based on pure insinuation. The record offers no factual support for the argument that Defendant turned over anything but truthful materials to the county attorney. In lieu of evidence actually casting doubt on the truthfulness of Defendant's report, we do not find that Defendant participated in the institution of Plaintiff's criminal proceedings. *See Sykes*, 625 F.3d at 314.

of a charge against her, but Defendant did have probable cause to believe that she committed a crime. Furthermore, as we explained, Defendant himself did not institute proceedings against Plaintiff, providing another reason her state law malicious prosecution claim fails.

## IV.    Abuse of Process

In Kentucky, an abuse of process occurs when an individual "uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which that process is not designed." *Williams*, 2012 WL 1365964, at *3 (internal quotation and citation omitted). The elements of a Kentucky abuse of process claim are "(1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Simpson v. Laytart*, 962 S.W.2d 392, 394 (Ky. 1998). A successful claim requires proof of "[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process." *Id.* A claim fails if "the defendant has done nothing more than carry out the process to its authorized conclusion even though with bad intentions." *Id.* at 394–95.

According to Plaintiff, Defendant recommended the institution of charges against her in retaliation for a lawsuit Plaintiff previously filed against officers employed by the city of Independence. In 2007, Independence police officers arrested Lacy after the officers found a marijuana seed in her car. Lacy sued the officers in Kentucky court, alleging that they fabricated the evidence against her. The suit was eventually dismissed. Defendant was aware of this lawsuit when the events pertinent to this case took place, but he was uninvolved in the prior case.

Plaintiff fails to create a genuine dispute of material fact regarding Defendant's motive in seeking a criminal charge against her. She argues that the charge represented Defendant's retaliation

12

against her, but the extent of Defendant's involvement in the lawsuit was limited to his awareness that the lawsuit was proceeding. Defendant's mere knowledge of the lawsuit is insufficient evidence to create a genuine issue of material fact regarding Defendant's motive. The record demonstrates that Defendant did no more than carry out the investigative process to its authorized conclusion, and there is no evidence to support the contention that he did so with an improper motive. Therefore, Plaintiff's abuse of process claim fails.

## CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's judgment.